IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-74,877






EX PARTE JASON SCOTT WALKER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY





 Johnson, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N 




 When the trial court first placed applicant on deferred adjudication on June 16, 2000, it
ordered him to participate in the boot-camp program and ordered that applicant be kept in custody
in the Harris County jail until space was available. The exact words of the order were "remain in
the Harris County Jail." Applicant remained in the jail for 40 days, until he was released to boot
camp on July 11, 2000. After the trial court adjudicated applicant, it gave him credit for the time he
spent awaiting transfer to boot camp. There seems to be no indication from the trial court nor a
complaint from the state that such credit was improperly given because the time spent waiting in the
jail was a condition of community supervision.

 Applicant was returned to the jail from boot camp on July 26, 2000. On that day, the trial
court amended his conditions of community supervision, "apparently to substitute" the Substance
Abuse Felony Punishment Facility (SAFPF) for boot camp. The notation on that order was "Release
only to SAFPF." Applicant was held in custody in the jail for 119 days, until November 21, 2000,
then released to SAFPF. 

 In both cases, applicant spent an extended period of time in custody before space became
available. He has been given credit for one period of waiting, but not the other. One is found not to
be a condition of community supervision, while a similar order that had precisely the same effect is
found to be a condition and a reason to deny time credit.

 I do not see how "remain in jail" until a rehabilitation program becomes available and
"release only to" a rehabilitation program are logically or legally different. In both instances, the trial
court ordered that applicant remain in custody until there was space in a specified rehabilitation
facility. If the jail is to release an inmate only to a rehabilitation program, the inmate will remain in
custody until space is available; if the inmate must remain in custody until space is available in a
specified rehabilitation program, the jail will release the inmate only to that rehabilitation program
when space becomes available. Merely changing the name of the facility does not transform the time
spent waiting into a condition of probation. Nor, without a more specific expression by the trial
court of its intent in substituting a rehabilitation program, does the use of different words which
produce the same result alter the nature of the result. The time credit should be treated equally;
either both are a condition of community supervision or neither is. 

 It appears that the intent of the trial court here was to get applicant into a drug rehabilitation
program and that the trial court felt that the best way to do that was to keep applicant where he could
be easily found until such a program became available. The use of different words does not, of itself,
imply different intent. To treat the two waiting periods differently is to create magic words that must
be recited in order to create a specified result. I respectfully dissent.


 Johnson, J.


Filed: December 1, 2004

En banc

Publish